UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:05-cr-40-T-23MAP
 8:07-cv-753-T-23MAP

MAURICIO TAYLOR ARCHIBALD
_____/

**O R D E R**

Archibald's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) was denied (Doc. 4) on the merits and his requests for a certificate of appealability were denied. (Doc. 9, 11, and 12) As a consequence, the denial of his motion to vacate was final in 2008. Two years later Archibald files a "Memorandum of Law in Support of Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.A. Rule 60(b)(2)." (Doc. 16)

To the extent that the document is construed as a new motion to vacate, the motion is **DISMISSED**. Archibald is precluded from pursuing a second or successive motion without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Felker v. Turpin, 518 U.S. 651, 664 (1996); Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999). Archibald represents in his motion that the circuit court denied his request for leave to

file a second or successive motion to vacate.  Archibald cannot file another motion to vacate without the circuit court's permission.

To the extent the document is construed as a motion pursuant to Rule 60(b), Federal Rules of Civil Procedure, the motion is **DENIED**.  Archibald represents that he wants to present a new jurisdictional challenge.  Archibald is impermissibly attempting to use Rule 60(b) to circumvent the preclusion against a second or successive motion to vacate.  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005), recognized that a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez recognized that petitioner cannot use a Rule 60 motion to circumvent the preclusion against second or successive motions.

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute.  28 U.S.C. § 2254 Rule 11.  Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated:  even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).  Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be

> precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

Gonzalez v. Crosby, 545 U.S. at 531-32. Archibald's Section 2255 motion was denied on the merits, the "substance" as described in Gonzalez, and Archibald raises only "substance" issues in his Rule 60(b) motion. Archibald cites no fraud, voidness, mistake—no "defect" in integrity—triggering Rule 60(b). In short, Archibald attempts to use Rule 60 exactly as rejected in Gonzalez. Archibald must present his jurisdictional challenge to the circuit court for permission to file a second or successive motion to vacate.

ORDERED in Tampa, Florida, on April 7, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE